IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IRONSHORE SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> CALLISTER, NEBEKER & McCULLOUGH, PC; W. WALDAN LLOYD; and J. HOYT STEPHENSON, <br><br> Defendants, <br><br> J. HOYT STEPHENSON, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> OLD REPUBLIC INSURANCE COMPANY, <br><br> Third-Party Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:15-cv-00677-RJS <br><br> Judge Robert J. Shelby |

This insurance dispute arises out of a malpractice suit in Utah state court.  Defendant and

Third-Party Plaintiff J. Hoyt Stephenson sued the law firm of Callister, Nebeker & McCullough,

P.C. and one of its attorneys, J. Waldan Lloyd, in Utah state court for legal malpractice.  Plaintiff

Ironshore Specialty Insurance Company then brought this suit, seeking a declaratory judgment

that Mr. Stephenson's malpractice claims against Callister are not covered under any insurance

policy Ironshore issued to Callister and that Ironshore owes no duty to defend or indemnify

Callister against those claims.

Mr. Stephenson counterclaimed against Ironshore and brought third-party claims against

1

Old Republic Insurance Company, which also issued an insurance policy to Callister.  Mr. Stephenson brings claims against both insurance companies for breach of contract, breach of the implied covenant of good faith and fair dealing, insurance bad faith and breach of fiduciary duties, intentional infliction of emotional distress, and civil conspiracy.  He also seeks a declaratory judgment concerning the rights and duties of all parties.

Ironshore and Old Republic now separately move to dismiss Mr. Stephenson's claims against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  For the reasons stated below, the court GRANTS the motions and DISMISSES Mr. Stephenson's claims.

## BACKGROUND

Because this matter is before the court on motions to dismiss, the court accepts as true the well-pleaded factual allegations in Mr. Stephenson's First Amended Answer, Counterclaim, and Third-Party Complaint, and views those facts in the light most favorable to Mr. Stephenson as the nonmoving party.[1]

In February 2014, Mr. Stephenson sued Callister, Nebeker & McCullough, P.C. and W. Waldan Lloyd (collectively "Callister") in Utah state court for malpractice.  Mr. Stephenson's claims arise out of legal services Callister performed for him in connection with various business entities and transactions.  Mr. Stephenson alleges in the state court action that Callister breached its professional, ethical, fiduciary, and other duties owed to him.

For example, Mr. Stephenson alleges that Mr. Lloyd sent a letter to a third party in 2010, in which Mr. Lloyd falsely accused Mr. Stephenson of committing serious state and federal felonies and breaches of fiduciary duties.  Mr. Stephenson claims that Callister's malpractice caused him to lose business; to be investigated for alleged crimes and civil breaches; to be

---

[1] *See Carroll v. Lawton Indep. Sch. Dist. No. 8*, 805 F.3d 1222, 1226 (10th Cir. 2015).

charged by the State of Utah with serious felonies, which have now been dismissed with prejudice; to be arrested during a traumatic traffic stop and wrongfully jailed; to face an ongoing and imminent threat that his remaining business and livelihood will be destroyed; and to suffer serious emotional harm.

Mr. Stephenson maintains that both Ironshore Specialty Insurance Company and Old Republic Insurance Company have duties to indemnify and defend Callister from potential liability in the state court action.  Mr. Stephenson bases that claim on Callister's alleged representations to that effect during discovery in the state court action.  These claimed duties to indemnify and defend stem from the insurance policies that Ironshore and Old Republic each issued to Callister.

The insurance policy that Ironshore issued to Callister states in relevant part:

Section I.A.  The Insurer shall pay on behalf of each Insured all sums the Insured shall become legally obligated to pay as Damages as a result of a Claim first made against the Insured during the Policy Period and reported to the Insurer during the Policy Period and arising out of the rendering of or failure to render Professional Legal Services.

Section I.B.  The Insurer shall have the right and duty to defend any Claim first made against the Insured during the Policy Period and reported to the Insurer during the Policy Period and arising out of the rendering of or failure to render Professional Legal Services, including an appeal thereof, seeking Damages to which this insurance applies even if any of the allegations are groundless, false, or fraudulent.  The Insurer shall have the right to appoint defense counsel and to make any investigation it deems necessary and, with the written consent of the Insured, settle any Claim covered by the terms of this Policy.  If the Insured shall refuse to consent to any settlement or compromise recommended by the Insurer and acceptable to the claimant and shall elect to contest the Claim, then the liability of the Insurer under this Policy shall not exceed the amount for which the Insurer would have been liable for Damages and Claim Expenses if the Claim had been settled or compromised, when and as so recommended.  The Insurer shall have no liability for Claim Expenses incurred thereafter and shall have the right to withdraw from further investigation or defense of the Claim by tendering control of such investigation or defense to the Insured, and the Insured agrees, as a condition of the issuance of this Policy, to accept such tender.

Section X.P.  Bankruptcy or insolvency of the Insured shall not relieve the Insurer of any of its obligations under this policy.[2]

Similarly, the insurance policy that Old Republic issued Callister states in relevant part:

Section 1.  Coverage.  The COMPANY shall pay on behalf of the INSURED all sums in excess of the deductible which the INSURED shall become legally obligated to pay as DAMAGE as a result of any CLAIM first made against the INSURED during the POLICY PERIOD and reported in writing to the COMPANY during the POLICY PERIOD or within thirty (30) days after the end of the POLICY PERIOD.  The CLAIM must be caused by an act, error or omission of the INSURED committed in the performance of PROFESSIONAL SERVICES for others and committed on or after the RETROACTIVE DATE.

Section 2.  Defense and Settlement of Claims.  The COMPANY shall have the right and the duty to defend any CLAIM seeking DAMAGES to which this POLICY applies even if any allegations of the CLAIM are groundless, false or fraudulent.  The INSURED and the COMPANY shall mutually agree upon the selection of defense counsel to conduct the defense of any CLAIM.

The COMPANY may investigate any CLAIM as it deems necessary, but the COMPANY shall not settle any CLAIM without the INSURED's consent.  If, however, the INSURED refuses to consent to a settlement recommended by the COMPANY, and acceptable to the claimant, then the COMPANY'S total liability for such CLAIM shall not exceed the amount for which the CLAIM could have been settled plus the DEFENSE COSTS incurred up to the time of such refusal, or the applicable limit of insurance, whichever is less.

Section 16.  Bankruptcy.  Bankruptcy or insolvency of the INSURED or of the INSURED'S estate shall not relieve the COMPANY of any of its obligations under this POLICY.

Mr. Stephenson maintains that, despite these insurance policies, neither Ironshore nor Old Republic has agreed to indemnify or defend Callister from potential liability in the state court action.  And even though Mr. Stephenson allegedly made an objectively reasonable settlement offer to Callister, neither Callister, nor Ironshore, nor Old Republic has responded to the offer.

---

[2] When evaluating the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6), a court may consider documents referred to in the pleading—such as the insurance contracts—"if the documents are central to the . . . claim and the parties do not dispute the documents' authenticity."  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).  Here, the insurance contracts are central to Mr. Stephenson's claims against Ironshore and Old Republic, and none of the parties dispute their authenticity.  The court may consider the insurance contracts.

In an attempt to confirm his belief that Ironshore and Old Republic must indemnify and defend Callister, Mr. Stephenson subpoenaed Ironshore and Old Republic to produce documents relating to the malpractice action.  The subpoenas also ordered the insurance companies to testify on whether they are obligated to indemnify and defend Callister in the state court action.  Both Ironshore and Old Republic objected to the subpoena served upon it on work product grounds.

In September 2015, Ironshore sued Callister and Mr. Stephenson in this court.  Ironshore seeks a declaratory judgment that Mr. Stephenson's legal malpractice claims against Callister are not covered under any insurance policy Ironshore issued to Callister and that Ironshore owes no duty to indemnify or defend Callister against those claims.[3]

Mr. Stephenson then counterclaimed against Ironshore and brought third-party claims against Old Republic.  Mr. Stephenson asserts the following claims against both insurers under Utah law: (1) breach of contractual duty to indemnify Callister and Mr. Stephenson, (2) breach of the implied covenant of good faith and fair dealing, (3) insurance bad faith and breach of fiduciary duties, (4) intentional infliction of emotional distress, and (5) civil conspiracy.  Mr. Stephenson also seeks a declaratory judgment regarding the rights and duties of all parties.[4]

## ANALYSIS

Ironshore moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Mr. Stephenson's counterclaims.  Old Republic likewise moves to dismiss Mr. Stephenson's third-

---

[3] Ironshore asserts that it joined Mr. Stephenson as a party in this case so he would be bound by any declaratory judgment the court may issue.  *See Harris v. Quinones*, 507 F.2d 533, 537 (10th Cir. 1974).

[4] Mr. Stephenson also asserts that Ironshore and Old Republic owe Callister and himself the following duties: (i) a duty to indemnify Callister and himself for the claims he has asserted in the state court action; (ii) a duty to diligently investigate the facts to determine whether his malpractice claims against Callister are valid; (iii) a duty to evaluate his claims fairly; (iv) a duty to engage counsel in the state court action who do not act unreasonably and do not assert objectively unreasonable or frivolous claims, defenses, or positions; (v) a duty to act promptly, zealously, and reasonably in accepting, rejecting, or settling his claims in the state court action; (vi) a duty to act objectively reasonable in dealing with Callister and himself; and (vii) a duty not to unreasonably diminish the amount of funds available for indemnification by asserting frivolous or bad faith claims or defenses in the state court action.  Though Mr. Stephenson does not bring specific causes of action under these duties, he contends that Ironshore and Old Republic have breached each of these duties.

party claims under Federal Rule 12(b)(6).

The court's analysis proceeds in three parts.  First, the court provides the applicable legal standard.  Second, the court examines each of Mr. Stephenson's substantive claims.  And third, the court discusses Mr. Stephenson's request for a declaratory judgment.

In the end, the court concludes that Mr. Stephenson has failed to state a single valid claim for relief, and that dismissal is appropriate.

## I.   Legal Standard

To survive a Federal Rule 12(b)(6) motion to dismiss, Mr. Stephenson must "state a claim upon which relief can be granted," meaning Mr. Stephenson must allege "enough factual matter, taken as true, to make his 'claim to relief . . . plausible on its face.'"[5]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]  In undertaking this analysis, the court is instructed to "accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff."[7]  But the court will not accept as true "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[8]

## II.   Mr. Stephenson's Substantive Claims

The court now turns to Mr. Stephenson's affirmative claims against Ironshore and Old Republic.  The court examines each of his following claims in turn: (A) breach of contract, (B) breach of the implied covenant of good faith and fair dealing as well as insurance bad faith,

---

[5] *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[7] *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011) (quoting *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005)).
[8] *Iqbal*, 556 U.S. at 678.

(C) intentional infliction of emotional distress, and (D) civil conspiracy.

### A. Breach of Contract

Mr. Stephenson's first cause of action against Ironshore and Old Republic is for breach of contract.  Under Utah contract law, only a party to an insurance contract has a right to enforce the contract, unless the claimant is an assignee or an intended third-party beneficiary of the contract.[9] The parties agree that Mr. Stephenson is neither a party to nor an assignee of the insurance contracts involved in this case.  The issue presented is whether Mr. Stephenson may bring his breach of contract claims as an intended third-party beneficiary of the contracts.[10]

Intended "[t]hird-party beneficiaries are those recognized as having enforceable rights created in them by a contract to which they are not parties and for which they give no consideration."[11]  "For a third party to have an enforceable right, the contracting parties must have clearly intended to confer a separate and distinct benefit upon the third party."[12]  "A third party who benefits only incidentally from the performance of a contract has no right to recover under that contract."[13]

Mr. Stephenson contends that he is an intended third-party beneficiary of the Ironshore and Old Republic insurance contracts because Callister and the insurers intended to confer upon him separate and distinct rights.  Mr. Stephenson points to the bankruptcy provisions in each

---

[9] *See City of Grantsville v. Redev. Agency*, 233 P.3d 461, 466 (Utah 2010); *see also Adams v. Gen. Accident Assurance Co. of Canada*, 133 F.3d 932, at *3 (10th Cir. 1997) (unpublished) ("'In Utah, a plaintiff must direct his action against the actual tortfeasor, not the insurer' because an injured party 'has no direct cause of action against the insurer.'" (quoting *Campbell v. Stagg*, 596 P.2d 1037, 1039 (Utah 1967))); *County v. Jensen*, 83 P.3d 405, 408 (Utah Ct. App. 2003) (noting that "Utah adheres to the 'general rule,' that in the absence of a contractual provision or statute or ordinance to the contrary, the absence of privity of contract between the injured party and the tortfeasor's insurer bars a direct action by the injured party against the insurer" (citation omitted) (internal quotation marks omitted)).

[10] *See Orlando Millenia, LC v. United Title Serv. of Utah, Inc.*, 355 P.3d 965, 972 (Utah 2015) ("In contract law, a third party has standing to sue if it is an *intended*, and not merely an *incidental*, beneficiary.").

[11] *Broadwater v. Old Republic Sur.*, 854 P.2d 527, 536 (Utah 1993) (citation omitted) (internal quotation marks omitted).

[12] *Id.*

[13] *Id.* at 537.

contract in support of his argument. The provisions—which are nearly identical—state that Callister's bankruptcy or insolvency will not relieve the insurers of their obligations under the policies. Mr. Stephenson argues that the provisions establish that the central aim of the policies is to benefit third parties like him by ensuring that injured third parties possess the right to collect directly from the insurer even if the insured becomes bankrupt or insolvent.

The court disagrees with Mr. Stephenson's interpretation of the bankruptcy provisions, and concludes that he is not an intended third-party beneficiary of the insurance contracts. The court relies on two cases for this conclusion: the Utah Supreme Court's decision in *Broadwater v. Old Republic Surety* and the Tenth Circuit's decision in *Adams v. General Accident Assurance Co. of Canada*.

First, the Utah Supreme Court held in *Broadwater* that plaintiff, an injured third party, was not an intended third-party beneficiary of a lost instruments bond, because nothing in the bond indicated that the parties to the bond intended to confer on plaintiff the right to enforce payment.[14] The bond listed only the insured as obligees, the bond's purpose was to indemnify the insured against third-party claims, and "[p]erformance on the bond only incidentally benefit[ted] plaintiff by providing a fund from which her damages may ultimately be paid."[15]

Second, the Tenth Circuit held in *Adams* that the injured third-party judgment creditors were not intended third-party beneficiaries of the insurance contract between the tortfeasor and the torfeasor's insurer.[16] The court stated that, although an injured party may benefit under the contract if the insurer pays, "the intent of the parties to the policy is to protect the financial well-being of the insured, not to benefit the injured party."[17] This intent was reflected by the insurer's

---

[14] *Id.*
[15] *Id.*
[16] 133 F.3d at *4–5.
[17] *Id.* at *4.

agreement to "pay and to defend its insured, not an injured party."[18]   Accordingly, the court found that "the benefit[s of the policy] flow[] to the injured party only incidentally."[19]

This case is analogous.  Nowhere in the bankruptcy provisions or elsewhere in the insurance contracts do the contracting parties refer to Mr. Stephenson or purport to provide him (or other third-party claimants) with any enforceable rights.  Instead, the provisions merely state that if Callister goes bankrupt or becomes insolvent, the insurers' obligations to Callister will continue.  Those obligations include the insurers' duties to indemnify and defend Callister under certain conditions.  They do not include any duties owed to Mr. Stephenson or other third-party claimants.

Moreover, the contracting parties included the indemnity, defense, and bankruptcy provisions to protect the financial well-being of Callister, not to benefit third parties injured by the law firm's alleged malpractice.  While Mr. Stephenson may ultimately receive a benefit under one of the contracts if one of the insurers is obligated to indemnify Callister, that benefit will flow to Mr. Stephenson only incidentally because performance of the contracts merely provides a fund from which his damages may be paid.

Mr. Stephenson is not privy to the insurance contracts at issue in this case, because he is not an intended third-party beneficiary under either contract.  Mr. Stephenson may not assert his breach of contract claims directly against Ironshore and Old Republic.  The court dismisses Mr. Stephenson's breach of contract claims with prejudice.

**B. Breach of the Implied Covenant of Good Faith and Fair Dealing, and Tortious Insurance Bad Faith**

Mr. Stephenson's next causes of action against Ironshore and Old Republic are for (1) breach of the implied covenant of good faith and fair dealing and (2) tortious insurance bad

---

[18] *Id.*
[19] *Id.*

faith.  The court considers these overlapping claims together.

The duty of an insurer to deal fairly under both of Mr. Stephenson's causes of action derives from the insurance contract.[20]  In the absence of a contractual relationship or statutory duty, an injured third party may not sue a tortfeasor's insurer for failure to bargain in good faith.[21]  Accordingly, Utah courts have consistently held that only first parties to an insurance contract or their privies may bring an action for breach of the implied covenant of good faith and fair dealing, or for tortious insurance bad faith.[22]

Here, although it is undisputed that Mr. Stephenson is a first party to neither insurance contract at issue, he nevertheless alleges that both Ironshore and Old Republic owe him a duty of good faith and fair dealing as well as fiduciary duties.  But as explained above, Mr. Stephenson is not privy to either contract: he is neither an assignee, nor an intended third-party beneficiary. And even if he were an intended third-party beneficiary under either contract, the duty of good faith is not owed to third-party beneficiaries—it is owed only to first parties.[23]

Mr. Stephenson lacks standing to bring claims against Ironshore or Old Republic for breach of the implied covenant of good faith and fair dealing or for tortious insurance bad faith. Those claims are dismissed with prejudice.

---

[20] *Broadwater*, 854 P.2d at 535.

[21] *Id.* at 535–36.

[22] *See Sperry v. Sperry*, 990 P.2d 381, 383 (Utah 1999) (recognizing that "Utah law clearly limits the duty of good faith to first parties to insurance contracts" and that "only a first party can sue for breach of that duty"); *Savage v. Educators Ins. Co.*, 908 P.2d 862, 865 (Utah 1995) (holding that "an action for breach of the covenant of good faith and fair dealing may be brought only by a party to the insurance contract"); *id.* at 866 (stating that the "duty of good faith and fair dealing is a contractual covenant, one that arises solely as an incident to contractual obligations owed by an insurer to its insured"); *Ammerman v. Farmers Ins. Exch.*, 430 P.2d 576, 577–78 (Utah 1967) (holding that the tort cause of action for insurance bad faith is available only to first parties to an insurance contract, not third-party beneficiaries); *Cannon v. Travelers Indem. Co.*, 994 P.2d 824, 828 & n.3 (Utah Ct. App. 2000) (noting that "[i]t is well settled that the duty of good faith and fair dealing runs to parties to an insurance contract or their privies," and rejecting the third-party claimant's argument that she is owed a duty of good faith and fair dealing as a third-party beneficiary, because the duty is owed only to first parties to insurance contracts); *Pixton v. State Farm Mut. Auto. Ins. Co.*, 809 P.2d 746, 749 (Utah Ct. App. 1991) (holding that "there is no duty of good faith and fair dealing imposed upon an insurer running to a third-party claimant . . . seeking to recover against the company's insured").

[23] *See Sperry*, 990 P.2d at 383.

### C.  Intentional Infliction of Emotional Distress

Mr. Stephenson's next claim against Ironshore and Old Republic is for intentional infliction of emotional distress.  To state a claim for intentional infliction of emotional distress under Utah law, a plaintiff must plead facts showing that the defendant:

> intentionally engaged in some conduct toward the plaintiff, (a) with the purpose of inflicting emotional distress, or, (b) where any reasonable person would have known that such would result; *and* his actions are of such a nature as to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality.[24]

"If the trial court determines that a defendant's conduct was not outrageous as a matter of law, then the plaintiff's claim fails."[25]  "To be considered outrageous, the conduct must evoke outrage or revulsion; it must be more than unreasonable, unkind, or unfair."[26]  "[C]onduct is not outrageous simply because it is tortious, injurious, or malicious, or because it would give rise to punitive damages, or because it is illegal."[27]

Here, Mr. Stephenson has not alleged sufficient facts to state a plausible claim against Ironshore and Old Republic for intentional infliction of emotional distress.  He alleges that the insurers' conduct toward him was "intentional and reckless" and was "of such a nature as to be considered outrageous and intolerable in that it offends generally accepted standards of decency and morality."[28]  He also alleges that "the Insurers' delay and protection of Callister[] have severely weakened and harmed [him] financially, socially[,] and emotionally."[29]  But these allegations are legal conclusions that are not entitled to any assumption of truth under *Iqbal*.

---

[24] *Bennett v. Jones, Waldo, Holbrook & McDonough*, 70 P.3d 17, 30 (Utah 2003) (citation omitted).

[25] *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002).

[26] *Franco v. The Church of Jesus Christ of Latter-day Saints*, 21 P.3d 198, 207 (Utah 2001) (citation omitted) (internal quotation marks omitted); *see also Retherford v. AT&T Commc'ns of Mountain States, Inc.*, 844 P.2d 949, 977 n.19 (Utah 1992) (describing outrageous conduct as "extraordinarily vile conduct, conduct that is atrocious, and utterly intolerable in a civilized community" (citation omitted) (internal quotation marks omitted)).

[27] *Prince*, 56 P.3d at 536.

[28] Dkt. 14, ¶¶ 107–08.

[29] *Id.* ¶ 110.

Mr. Stephenson also alleges no facts plausibly showing that Ironshore or Old Republic intentionally engaged in conduct toward him with the purpose of inflicting emotional distress. While Mr. Stephenson claims that the insurers acted with "callous disregard for [him] during the period in which the Insurers [] had notice and knowledge of the harm that they . . . caus[ed] [him],"[30] he pleads no facts supporting this legal conclusion.

And Mr. Stephenson has failed to allege facts showing that the insurers proximately caused him to suffer severe emotional distress.  He instead states in a conclusory fashion that "[t]he Insurers' conduct has foreseeably and proximately caused Stephenson sever[e] emotional distress."[31]

These bare allegations are insufficient to state a claim for intentional infliction of emotional distress upon which relief can be granted.  The claim is dismissed.

**D. Civil Conspiracy**

Mr. Stephenson's final claim against Ironshore and Old Republic is for civil conspiracy. To state a claim for civil conspiracy, a plaintiff must adequately plead the existence of an underlying tort.[32]  Where a plaintiff has "not adequately pleaded any of the basic torts [he] allege[s] dismissal of [his] civil conspiracy claim is appropriate.[33]

Here, Mr. Stephenson's conspiracy claim is based on the underlying torts of insurance bad faith and intentional infliction of emotional distress.  But as discussed above, he has failed to adequately plead either of those tort causes of action.  The court dismisses Mr. Stephenson's claim for civil conspiracy.

---

[30] *Id.* ¶ 111.
[31] *Id.* ¶ 115.
[32] *Puttuck v. Gendron*, 199 P.3d 971, 978 (Utah Ct. App. 2008).
[33] *Id.* (citation omitted) (internal quotation marks omitted).

**III.** **Declaratory Judgment**

Finally, Mr. Stephenson seeks a declaratory judgment regarding the rights and duties of all parties as they relate to the insurance contracts. His request is based on his contention that he is an intended third-party beneficiary of the insurance contracts. But as explained above, Mr. Stephenson is not an intended third-party beneficiary of either contract. The court dismisses Mr. Stephenson's claim for declaratory relief with prejudice.

**CONCLUSION**

For the reasons stated above, the court GRANTS Ironshore's motion to dismiss (Dkt. 20) and Old Republic's motion to dismiss (Dkt. 18). The court dismisses Mr. Stephenson's First Amended Counterclaim and Third-Party Claims (Dkt. 14).

SO ORDERED this 17th day of February, 2016.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge