IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IRONSHORE SPECIALTY INSURANCE,<br><br>Plaintiff,<br>v.<br><br>CALLISTER NEBEKER & MCCULLOUGH et al.,<br><br>Defendant. | MEMORANDUM DECISION & ORDER DENYING MOTION TO DISQUALIFY COUNSEL<br><br>Case No. 2:15-cv-677-RJS-BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

This matter is before the Court on Defendant J. Hoyt Stephenson's ("Stephenson") motion to disqualify Christensen & Jensen, P.C.[1] ("C&J") from representing another Defendant, Callister, Nebeker & McCullough, P.C. and W. Waldan Lloyd (jointly "Callister") in this action.[2] A hearing on this motion was held on May 5, 2016, and the Court took the matter under advisement.[3] The Court has further considered memoranda submitted by the parties and the law and facts relating to this motion. The Court is now fully informed and, for the reasons set forth herein, the Court will DENY Stephenson's Motion to Disqualify.

The legal issue in the present lawsuit is whether Callister is entitled to defense and indemnification under insurance policies issued by Plaintiff Ironshore Specialty Insurance Company ("Ironshore") and/or Third-Party Defendant Old Republic. In 2009 Kelly Macfarlane, an attorney at C&J represented Stephenson in negotiating an agreement for the sale of certain of Stephenson's businesses ("the 2009 Agreement"). In February, 2014, Stephenson filed a lawsuit

---

[1] Stephenson also moves to disqualify individual C&J attorneys Karra Porter and George Burbidge.

[2] Docket no. 37.

[3] Docket no. 48.

against Callister in Third District Court for the State of Utah alleging professional malpractice ("the Malpractice Action").

Ironshore provisionally agreed to provide Callister with a defense of the Malpractice Action. Ironshore then filed the present action seeking a declaration from the Court that the claims asserted in the Malpractice Action are not covered under any Ironshore policy and thus Ironshore would have no duty to defend or indemnify Callister.[4] For purposes of this Motion, the parties agree that Stephenson is a former client of C&J and thus, Rule 1.9 of the Utah Rules of Professional Conduct governing former clients is implicated.

Some of the malpractice alleged in the Malpractice Action relates to the 2009 Agreement, and Stephenson and Callister are no doubt adverse in the Malpractice Action. However, the issue before the Court is whether C&J can represent Callister in the current action.

## ANALYSIS

Under Rule 1.9, a party seeking to disqualify opposing counsel must establish that "(1) an actual attorney-client relationship existed between the moving party and the opposing counsel; (2) the present litigation involves a matter that is 'substantially related' to the subject of the movant's prior representation; and (3) the interests of the opposing counsel's present client are materially adverse to the movant."[5] The burden of proof on a motion to disqualify counsel is carried by the party seeking disqualification.[6]

---

[4] Docket no. 2.

[5] *U.S. v. Stiger*, 413 F.3d 1185, 1196 (10th Cir. 2005).

[6] *Id.*

There is no dispute that an attorney-client relationship previously existed between Stephenson and a former attorney at C&J.[7] The next issue is whether the present litigation involves a matter that is substantially related to the subject of Stephenson's prior representation.

"Matters are 'substantially related' for purposes of [Rule 1.9] if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter."[8] "The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question."[9] "[M]atters are substantially related when there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter."[10] "The provision of legal advice on a substantially related matter by itself requires disqualification."[11] "[C]ourts should evaluate substantiality by focusing on the factual nexus between the prior and current representation rather than a narrower identity of legal issues."[12]

---

[7] At the hearing counsel for C&J indicated that Kelly Macfarlane is no longer employed at C&J. The Court does not consider the impact of the attorney's departure at C&J because even even assuming Kelly Macfarlane were still at C&J, Stephenson cannot prevail on this Motion.

[8] Utah R. Prof. Conduct 1.9 cmt. 3.

[9] *Stiger,* 413 F.3d at 1196 (citation omitted).

[10] *Barker v. Prof'l Educators of Tennessee*, No. 3:12-CV-0044, 2012 WL 1900920, at *4 (M.D. Tenn. May 23, 2012).

[11] *Griffen by Freeland v. E. Prairie, Missouri Reorganized Sch. Dist. No. 2*, 945 F. Supp. 1251, 1253 (E.D. Mo. 1996).

[12] *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, No. 2:13-CV-00123, 2013 WL 4046315, at *2 (D. Utah Aug. 7, 2013).

By focusing on the factual nexus as the Court is required to do, the Court finds that Stephenson has failed to prove that the work C&J did for Stephenson in negotiating the 2009 Agreement is substantially related to the current matter, which involves insurance coverage issues. C&J represented Stephenson in providing legal advice about drafting and negotiating a stock purchase agreement, which is at the core of legal issues in both the Malpractice Action and an underlying commercial dispute, but is not at the core of the instant suit. The present case will determine only whether an insurance company, and if so which insurance company, will have the duty to defend or indemnify Callister for alleged malpractice, (albeit including possible malpractice arising out of Callister's work on the 2009 Agreement). Although there may be some factual overlap between the prior and current representation, it is not the type of overlap that can be regarded as changing sides in the matter or as creating a risk that confidential factual information would materially advance any party's position in this current litigation.

Given the Court's findings that C&J's representation of Callister in this coverage case is not substantially related to C&J's prior representation of Stephenson, the Court does not determine whether the interests of Callister must be materially adverse to Stephenson in this particular litigation.[13]

For the Foregoing reasons, the Court hereby DENIES Stephenson's Motion to Disqualify C&J as counsel in this case.

---

[13] Stephenson and Callister's interests are materially adverse in the Malpractice Action. However, as this is an insurance coverage case, Callister's and Stephenson's interests actually align in this action. Stephenson and Callister have the same interest in the present action—a declaration from the Court that Callister is entitled to insurance coverage for claims Stephenson has asserted in the Malpractice Action.

SO ORDERED this 16th day of May, 2016.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge